C. P. HUGHES v. WILMINGTON & POWELLSVILLE RAILROAD COMPANY.

*Railroad Companies—Right of Way—Conveyance of Right of Way—Contract, Construction of.*

A contract by the owner of land recited that, in consideration of $160 cash " for 50 acres, more or less," he granted, bargained sold and conveyed with general warranty unto defendant's assignor " and its assigns all (to 12 inches across the stump) the timber on the tract of land " described, and that he granted to said company, its successors, etc., " a right of way through and across the said tract and any other lands owned " by him for the purpose of cutting and removing the timber cut from said land by said company, '' or for the purpose of cutting or removing timber from any other tract " purchased or controlled by such company, and the right to erect all tracks, &c., necessary for such purposes; and that such owners granted unto said company " and any persons or body corporate, its lawful successors or assigns, the right of way through said tract of land and all lands owned" by them "for a permanent railway, to be owned and operated by any persons or body corporate to whom said "

company "shall assign the right hereby specifically granted." Preceding the first granting clause was the following : "It is a part of this contract that the right of way through the open land is excepted." The contract also provided as follows : "The party of the first part hereby grants, accords and assures unto the party of the second part and its assigns the full term of ten years within which to cut and remove the timber hereby conveyed;" *Held*, that the exception noted in the instrument is limited to the first branch of the contract, and the effect of the agreement was to convey, first, the timber on the woodland, with the privilege of removing the same within ten years, and the right of way across the woodland only for that purpose ; and, second, to grant to the defendant's assignor, its sucessors and assigns, the right of way for a "permanent railway" through all of the grantor's lands.

PROCEEDING, commenced before the Clerk of the Superior Court of Bertie County, under Chapter 49 of *The Code*, for the assessment of compensation claimed by the petitioner for land taken and used by the defendant as a right of way.

The issues raised were certified by the clerk to the Superior Court at term, and the proceeding was heard before his Honor *Boykin, J.*, at Fall Term, 1895, of said court.

Section 3 of the petition was as follows :

" That prior to the filing of this petition the said railroad company entered upon said land without license from petitioner, and has constructed and is now constru ting over and upon the open land of said farm both a switch and the main line of its railroad, thereby damaging said land, taking up and using a portion thereof, digging ditches thereon, raising mounds, ponding water and rendering travel from one part of said land to the other difficult, and greatly impairing the value of said land for agricultural purposes."

119—44

The answer denied Section 3 of the petition and a subsequent allegation of the value of the land taken, and as a further defense alleged:

That by deed duly executed in December, 1890, and duly recorded in Bertie county, in Book 68, page 597, which defendants ask may be taken and considered as part of its answer, the plaintiff and his wife conveyed to Nansemond Timber Company, of North Carolina, and to its successors and assigns, all the timber upon said lands in complaint described, and a right of way across the said lands for the purpose of removing the timber cut from said land, or any other land owned or controlled by said timber company; also a right of way through said lands for a permanent railroad, to be owned and occupied by said timber company or any other person or body corporate to whom the said company shall assign said right granted to it.

" That said Nansemond Timber Company of North Carolina conveyed all the rights and interest acquired by it under the deed aforesaid to the Browning Manufacturing Company, by whose license and authority the defendant entered upon the lands described in the complaint, and the said Browning Manufacturing Company has by deed conveyed all of its said interest and right in the said lands, and to the right of way aforesaid, to the defendant.

" Wherefore defendant demands judgment that it go without day, and that plaintiff take nothing by this action."

The deed referred to in defendant's answer was as follows:

" This agreement, made this 10th day of_____, in the year 1890, between C. P. Hughes and_____, his wife, of the County of Bertie, State of North Carolina, of the first part, and the Nansemond Timber Company of North Carolina of the second or other part, witnesseth:

" That, in consideration of the sum of one hundred and sixty dollars, agreed to be paid by the party of the second part unto the parties of the first part, viz. : *For fifty acres, more or less, to be hereinafter laid off and designated out of the tract herinafter described by said party of the second part,* which purchase-money or consideration is to be paid as follows : One hundred and sixty dollars prior to the execution of this deed, the receipt of which is hereby acknowledged.

" *It is a part of this contract that the right of way through the open land is excepted.* The said parties of the first part do hereby grant, bargain, sell and convey with general warranty, unto the said party of the second part and its assigns, all *(to twelve inches across the stump)* the timber on the tract of land lying in Bertie county, North Carolina, bounded and described as follows, viz. : By the lands of Freeman Perry, A. Bass, T. D. Holly and others.

" The said parties of the first part hereby grant unto said party of the second part, its successors or assigns, agents and servants, a right of way through and across the said tract of land above described, and any other lands owned by said parties of the first part, for the purpose of cutting or removing timber from any other tract of land purchased or controlled by the said party of the second part.

" And said parties of the first part also grant to said party of the second part the right to erect all tracks, machinery, buildings, improvements and fixtures to be used for the objects and purposes set out in the clause next hereinbefore, and also to remove the same at the pleasure of said party of the second part.

" And the said parties of the first part hereby grant unto said party of the second part, and any persons or body

corporate, its lawful successors or assigns, the right of way through said tract of land, and all lands owned by said parties of the first part, for a permanent railway, to be owned and operated by any persons or body corporate to whom said party of the second part shall assign the right hereby specially granted.

" And said parties of the first part hereby covenant with said party of the second part and its assigns to pay all levies, taxes, assessments and dues upon the land and timber herein described during the continuance of this contract, and said parties of the first part hereby grant, accord and assure unto said party of the second part and its assigns the full term of ten years within which to cut and remove the timber hereby conveyed."

His Honor rendered the following judgment, from which plaintiff appealed :

" This cause coming now to be heard by the court, both parties being before the court, and it being agreed by the parties that the plaintiff's right to the judgment prayed depends upon the construction of the deed set out in the pleadings from C. P. Hughes and wife to the Nansemond Timber Company, and the court being of opinion that the said deed conveyed to the said company and its successors and assigns the right of way claimed and used by the defendant, of which plaintiff complains, on motion of defendant's counsel it is adjudged by the court : That the plaintiff take nothing by his action, and that defendant go without day, and recover of plaintiff the cost of this action, to be taxed by the clerk."

*Mr. F. D. Winston*, for plaintiff (appellant).
*Messrs. Battle & Mordecai*, for defendant.

FAIRCLOTH, C. J.: The only question presented is a construction of the written agreement of the parties. On

ROCKY MOUNT MILLS v. RAILROAD COMPANY.

inspection we are of opinion that the parties had two objects in view: 1. To sell and buy the timber on the woodland, with the privilege of removing the same within ten years, with the right of way and the right to erect tracks, machinery, buildings, improvements and fixtures for that purpose, and to remove the same at the pleasure of the defendant, the right of way not to go through the plaintiff's open land. 2. To grant to the second party and its successors or assigns the right of way for a " permanent railway " through all the lands of the plaintiff.

We think the exception is limited to the first branch of the contract, to-wit, the timber lands. If we have failed to find the true intent of the parties, it is owing to the inartificial structure and language of the agreement.

Affirmed.